May it please the Court, my name is Vishwanathan Rudrakumaran. I represent Mr. Mohamed Hishan Mohamed Sufiyan the petitioner in this case and I respectfully reserve two minutes sorry three minutes. The issue in this case is whether the BIA error by failing by refusing to adjudicate the immigration judges decision pertains to burden of proof with respect to the reliefs independent of the material support issue. The BIA has an appellate body has a duty to review all of the IJs determination under the regulation. But why do you say where does that duty come from? What do you point to as evidence of that duty? HCFR 1003 your honor the regulation states as an appellate body the BIA is supposed to review whatever the IJ makes which are relevant to that case. If we come to the conclusion this is not relevant then of course they don't have to. But our person has that the BIA itself said in matter of HZ the first the IJ has to determine whether the petition is eligible for relief independent of the material support. But MHZ doesn't quite say that I mean it says in a footnote first of all yeah so it's not a clear holding of the decision but it says in a footnote that the immigration judge should ordinarily do this. Doesn't that imply that this is a discretionary act? It's not compelled? No if it's a discretionary act then there is no way the petitioner can exercise the waiver your honor to get him the waiver the IJ has to make a determination. In fact the IJ did it. The IJ did it and the BIA then came and said no we don't have to do it and in fact it seems to be the government concedes my argument and says the BIA did it in the cat relief. When they analyzed the cat they took all these things and they say he is not eligible for cat so therefore he is not eligible for withdrawing of removal. If that be the case what is meant by the BIA stating as the material support bar is dispositive issue of asylum withholding of removal and the cat. We need not address respondents other appellant arguments. How we are going to reconcile both of these? What is meant when the BIA say they are not going to they refuse they refuse to adjudicate the other argument then if we say the BIA has in a way implicitly has already addressed that it cannot reconcile at least the case should be remanded at least on this issue asking the board to reconcile what it says that they are we are not going to review any of those issues and then you come and say that no it's in in a way it has been we have already adjudicate accept the immigration judges decision. That's our the first argument. The second argument the government also argued that I did not exhaust the administrative remedies. If you look at my BIA brief your honor may be more than 10 pages I talk about everything the corroboration nexus and everything. Those issues are applicable both to the asylum as well as to the withholding of removal. In fact that's how the IJ treated. The IJ analyzed all the elements of the burden of proof with respect to both the asylum as well as withholding of removal and then the IJ made a decision no he is not eligible that's fine that's fine we have no problem with that. But what we our problem is the BIA failed to review that issue. That's what we are saying that the case should be remanded. Then the government also argued that I did not raise these issues in the in the opening brief. In the opening brief I said the caption agency failed to adjudicate the issue and moreover if they had the BIA adjudicate those issues then the next logical step for the BIA to decide but for that's a mythological step. And our third response in fact the government itself brought this issue in their brief. The government itself specifically mentioned the Seventh Circuit case in their brief and said at least one circuit said BIA need not adjudicate this issue. So the failure to... Maybe that's the reference to the Seventh Circuit? Seventh Circuit. The government in a footnote said in their brief. At least one circuit that's what the government said. At least one circuit said BIA need not address this issue. So the exhaustion the failure to exhaust this issue is not a viable claim it's a viable argument. That is not a viable argument to dismiss this case. And the third point I have already argued at length about why the BIA's decision pertains to the deferral of removal is wrong. So I don't want to go ahead it's all that's in my brief. Our position is the substantial evidence does not support the BIA's position that my client is not eligible for deferral of removal. Those are my primary arguments then I'll come back during the rebuttal. I mean the last one is with respect to whether he's entitled to cat relief. That's what you're referring to? Yeah just one other cat relief. The BIA just put in a last paragraph BIA say we agree with that judge. The BIA also did not give any recent decision on that issue. There are a lot of issues there, some issues. BIA did not give any recent decision. We simply say we accept the predictive findings and the IJ's application of law to the facts. So the IJ found among other things that your client could move to other parts of the country right? No I have addressed that issue and I have addressed at length you know. I'm just trying to understand your argument now. Your argument now is that the BIA has to say more than they said. Yeah they said the BIA did not give a recent decision with respect to the cat relief, the deferral relief. Why they accepting the IJ's decision? One of the issues as the court said he could move to the different part. But on the matter of HON the government has to prove that he can be sent back to that part directly. There are a lot of things in those issues. So is the argument that the error, the fact that the BIA essentially adopted the reasoning of the immigration judge, doesn't that just mean that in reviewing we'll need to review the reasoning of the immigration judge? Yeah, that's what I did in my brief. My first point I argued the immigration judge's decision. Got it. Yeah, that's what I'm arguing. The substantial evidence does not. So it's not that we would send it back because the BIA didn't address it. It's that we would review the reasoning of the immigration judge and if we conclude that there's error that warrants granting the petition, we would grant it on that basis. That basis, that's only for the cat relief, deferral of removal. But regarding the withholding of removal, under the INA, BIA refused to actually do anything. BIA said we are not going to do it because the material support bar is a dispositive issue. The BIA refused to do it. Thank you. Well, you have two minutes for a rebuttal, so we'll hear now from Ms. Hennes. Am I pronouncing it right? Hennes? Hennes.  Good morning, Your Honors. May it please the Court, Stephanie Hennes for respondent. Now, I know the Court was interested in supplemental briefing in this case on a matter of MHC, but at the outset, and this relates to the cat claim, I'd really like to put out there that the petitioner in this case did have his claim considered on the merits by the immigration judge. That is what MHC says shouldn't ordinarily happen, and that actually occurred in this case. The immigration judge said, no, you do not qualify for asylum because you did not file your application on time, and you do not qualify for withholding of removal for numerous reasons. What the basis of the merits denial was the fact that Mr. Soufian had claimed that he was tortured by military officials in 2009. He had an elaborate story about how he escaped his detention. He then spent three and a half years unharmed in Sri Lanka. During that time, he was able to secure a valid passport in his own name to come to the United States. He also was able to leave wherever he was staying to go to a visa appointment at the U.S. consulate. He enters the United States to work on a ship. He claims that he did that only to survive, not for work, and then after spending 10 months on the ship, decides he can't do it anymore, and he elects to return to Sri Lanka, where he then, he returns to the country, he spends another two to three months there without any harm, then he decides again that he's going to come back to the United States to work on a ship a second time. When he's working on the ship a second time, he apparently has a nightmare, and based on that, decides he can't do that anymore, so he asks to return to Sri Lanka a second time. When he gets to the airport, he has a change of heart and decides he's going to remain in the United States. Can I, I don't, I'm sorry to cut you off. No, that's okay. You're describing, I think, what you've briefed quite well, and we understand that. I'm hoping that you can use some of this time to help me understand this statutory and regulatory regime for overcoming or getting an exemption from the terrorism bar. So my first question is, and I'm using that as a shorthand, my first question is that 8 U.S.C. 1182 D30B.1 gives the authority to do this to the Secretary of State after consultation with this Attorney General and the Secretary of Homeland Security or the Secretary of Homeland Security after consultation with the Secretary of State and Attorney General. As a practical matter, how is the system unfolded in the regulatory sphere? Do the Secretary of State and the Secretary of Homeland Security each have independent processes for doing this, or has one assumed primary responsibility, and I'm assuming it's Homeland Security? Homeland Security has assumed the primary responsibility, and the Secretary of State may not exercise the discretion provided in that provision with respect to anyone who is in removal. Right, so what role does the Secretary, I'm just curious, does the Secretary of State have, because it seems like in most cases there are going to be removal proceedings, not all necessarily, but does the Secretary of State have some role? I don't know the answer to that, Your Honor. My only experience has been with the Department, the Secretary of Homeland Security being involved in this process, and it's the Secretary of Homeland Security that has issued the discretionary exemptions that can apply to different individuals. This is not only in removal proceedings, it's also... All sorts of proceedings, right. It's also in a variety of applications that people file before USCIS, and in fiscal year 2023, there were actually more than 2,000 exemptions that were granted through that process. So let me ask about the process of how that would come about. So USCIS is the agency under the DHS umbrella that evaluates and grants those exemptions if it concludes they are warranted. Am I right about that? Yes, it is USCIS. And they have a policy that says, we don't want to look at these until there's been an adjudication that tells us that the only obstacle to removal is this bar. In other words, we don't want to look at somebody who doesn't have... who's been adjudicated to have a viable asylum claim because then they're here on asylum and we don't need to reach this question. Am I right about that, that that's the general policy, that they don't want to look at a case until there's adjudication that definitively establishes that the bar is the remaining... Is the only... Yes. So the exemption is something of last resort. So you're correct. They would not want to be adjudicating exemptions in all cases because it really only matters where the sole thing that stands in the way of a person obtaining relief is the material support bar. And they explain that the reason that they want to wait is that they want to let somebody have an adjudication through the BIA of the other issues. Yes, they did want... Well, they talk about that in terms of chances. They say that the... I think you're referring to the memo that I had attached to my supplemental brief where DHS is talking about how exemption consideration will proceed when the individual is in removal proceedings and it talks about how allowing the... waiting until there's a final administrative order gives the parties a chance to fully adjudicate the application. So that... And that's the fact sheet. There was a memo and a fact sheet and I think the fact sheet is the one that I'm looking at right now. That suggests that the USCIS, as a general matter, relies on the BIA's adjudication of those other issues so that the only issue remaining for the USCIS is whether or not to waive the... create an exemption from the bar. Yes, but I wouldn't say that there has to be a determination from the board on all of the issues in the case. Well, if there's not... So one of the suggestions here is, oh, well, maybe USCIS can adjudicate that generally. So, like, in this case, if Mr. Safian then sought consideration by USCIS, well, I guess USCIS wouldn't actually entertain that request because there hasn't been a final adjudication of the issues. They get in the way. Well, USCIS wouldn't consider it because we already have a determination from the immigration judge that the petitioner is not eligible for any of the relief that he is seeking. So it treats... So USCIS doesn't... It essentially treats the IJ's determination on those other issues as a final judgment, a final determination, at least as it relates to whether they'll be considered for the exemption process. There's not a right of review of those determinations that USCIS would expect before it relies on those determinations. A right of review regarding the...  By the BIA. No, I mean, there's nothing in... There's nothing in the fact sheet that requires that. There's nothing in the statute that requires that. And there's nothing in MHZ that requires the board to do anything. Yeah, I'm just trying to understand how... Like, I want to... I think it's kind of... I'm trying to get beyond the law into the practicalities. So I think that the practical issue here is just that the petitioner had his applications all denied, not just because of the material support bar, but also on the merits. He then filed an appeal with the board. I disagree with his presentation of what he presented to the board. My exhaustion argument is about whether he told the board that even though the material support bar is a dispositive basis for denying this... can be a dispositive basis for denying this appeal, I still need you to reach these other issues, because it's well-established that the board does not have to address every issue. I understand your legal arguments. Practically, I'm trying to understand. So your position is that anybody who gets an adverse ruling on asylum and withholding of removal from the immigration judge is essentially ineligible for consideration for the exemption from the terrorism bar without regard to whether... unless the BIA, on review, reverses those determinations. I think that's accurate. Okay. Sorry. Your Honor, I think... And I'm actually out of time. I don't know if anyone else has any questions about the case. That's fine. All right. Thank you very much. Ms. Hennis? Mr. Rudra Kamaran? Am I saying that right? Yes, Your Honor. I am, really? Go figure. You have two minutes for rebuttal. Thank you. Regarding the deferral of removal, the government argue a lot. I don't want to go into that in my brief. More than 10 pages I have argued. Each and every point the I.J. said was not according to law. I put up case law and everything. One thing I just want to point out, one of the arguments I put in that context, Your Honor, that the I.J. failed to take into account the petitioner's status as a putative, failed asylum seeker. That makes a big difference. So that we argue before the I.J., but the I.J. simply said, no, this is a confidential process. The Sri Lankan government will never come to know. So I have addressed that issue, Your Honor, regarding the deferral of removal. Then when we come to this material support issue, as the court said, said that the I.J. made a finding, independent finding, you are not eligible for anything. But then the BIA has to accept, the BIA has to review it. That's the job of the BIA, as an appellate review. That's what we argue. We don't want to ask the court to go through the procedure, how this is done, how this can be done. We are not. We are simply asking just to follow the precedent decision of the BIA itself. The BIA said, first the I.J. has to make an independent finding. Then you have to see whether the material support bar is applicable. So as an appellate body, the BIA has to do the same thing. So in my brief, I did not use the magic word, but for, but more than 10, 15 pages, I argue each and every point of the I.J.'s finding why it is wrong. And the BIA said, no, I'm not going to do it. So that's our position when the BIA erred in the review of the I.J.'s decision. Thank you. I don't want to argue on the deferral of removal, because I argued at length in my brief, so I don't want to repeat it. Well, we certainly have your briefs, and also the appellate's brief. So we will reserve decision, but thank you both for your argument. Thank you all.